UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MEYSY ELIETH MONTOYA RIVAS,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1224

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.26.)

In an Order entered on April 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the January 30, 2026, bond hearing on April 22, 2026. (Resp., ECF No. 4; Recording of Jan. 30, 2026, Bond Hearing, filed on Apr. 22, 2026.) Petitioner filed her reply on April 27, 2026. (ECF No. 5.)

## II.    Relevant Factual Background

Petitioner is a citizen of Nicaragua who entered the United States on August 2, 2023. (Pet., ECF No. 1, PageID.7.) On or around September 18, 2025, Petitioner was arrested by ICE. (*Id.*, PageID.1.)

On January 8, 2026, Petitioner filed a § 2241 petition challenging her initial detention without a bond hearing in *Montoya Rivas v. Raycraft* (*Montoya Rivas I*), No. 1:26-cv-63 (W.D. Mich.). In *Montoya Rivas I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Montoya Rivas I*, (W.D. Mich. Jan. 27, 2026) (ECF Nos. 5, 6).

On January 30, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At that hearing, Petitioner presented evidence of her "lack of criminal history, strong family and community ties and a perfect record of attendance and compliance with all immigration requirements[.]" (*Id.*) "[T]he Government argued that Petitioner was a flight risk based on her order of removal," which is not administratively final.[1] (*Id.*) At the conclusion of the

---

[1] On December 29, 2025, an Immigration Judge ordered that Petitioner be removed from the United States. (Pet., ECF No. 1, PageID.12.) Petitioner appealed her order of removal to the Board of Immigration Appeals (BIA), and that appeal remains pending. (*Id.*, PageID.2–3.) Therefore, Petitioner's order of removal is not "administratively final" for purposes of the Immigration and Nationality Act. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

January 30, 2026 hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk[.]" (Order Immigration Judge, ECF No. 1-1, PageID.31.)

**III.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on January 30, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally-required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    May 18, 2026                    /s/ Jane M. Beckering
                                          Jane M. Beckering
                                          United States District Judge